**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0012-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GREGORY WRIGHT,

    Defendant-Appellant.

_____

Submitted June 3, 2020 – Decided July 13, 2021

Before Judges Fuentes and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 09-08-0725.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Meredithj L. Balo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant Gregory Wright appeals from the order of the Criminal Part denying his post-conviction relief (PCR) petition. We affirm.

Defendant was tried before a jury from April 3 to April 19, 2012 and convicted of first degree armed robbery, N.J.S.A. 2C:15-1(a), second degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-5(b), and second degree unlawful possession of a firearm, N.J.S.A. 2C:39-4(a). On August 29, 2012,[1] the trial judge sentenced defendant to an aggregate term of twelve years imprisonment, with an eighty-five percent period of parole ineligibility and five years of parole supervision, as mandated by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

This court affirmed the conviction and sentence in an unpublished opinion, State v. Gregory Wright, A-3810-12, (App. Div. May 10, 2016), certif. denied, 228 N.J. 455 (2016). We incorporate by reference the facts underlying defendant's conviction described in our unpublished opinion. Id. slip op. at 2 - 4. On March 3, 2017, defendant filed this timely PCR petition alleging ineffective assistance of trial and appellate counsel. He described the basis for

---

[1] Although the sentencing hearing occurred on August 17, 2012, the judge did not sign the Judgement of Conviction until August 29, 2012.

A-0012-18

his claims in a certification attached to his petition. Judge Lara K. DiFabrizio assigned counsel to represent defendant in the prosecution of the petition. PCR counsel filed a supplemental certification from defendant and submitted a brief addressing the legal issues raised in support of the petition.

The matter came before Judge DiFabrizio for oral argument on March 23, 2018. PCR counsel argued that an evidentiary hearing was necessary "because there is a dispute of fact respecting matters which are not on the record . . . the disputed facts in the petitioner's case [are] whether his attorney was ineffective." The prosecutor claimed that defendant's certification in support of this PCR petition contained "a knowing falsehood," namely that defendant "was incarcerated the entire time from his initial date of arrest through his date of conviction. When, in fact, . . . about a little over two years before his eventual conviction he made bail and was released."

The prosecutor argued that the submission of a certified statement to the court containing undeniable "falsehoods" directly undermined defendant's allegations that his trial counsel was ineffective by not moving to dismiss the charges against him based on a violation of his constitutional right to a speedy trial. The prosecutor also argued that defendant's claim that his trial counsel failed to conduct "an adequate" pretrial investigation was unsupported by

A-0012-18

competent evidence and should be rejected accordingly. Finally, the prosecutor emphasized that defendant's argument predicated on his trial attorney's failure to object to the jury instruction on accomplice liability was rejected by this court on direct appeal.

Judge DiFabrizio denied defendant's PCR petition in an order dated May 21, 2018, accompanied by a memorandum of opinion. She agreed with the State's position that defendant's claims of ineffective assistance of counsel based on an alleged failure to object to the jury charges was procedurally barred under Rule 3:22-5. State v. McQuaid, 147 N.J. 464, 484 (1997). Furthermore, defendant's claims based on violations of his right to a speedy trial did not satisfy the four-factor balancing analysis established by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 530 (1972). Even if defendant had successfully shown that he was denied his right to a speedy trial under the Barker factors, the Judge held he was unable to overcome the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

Finally, Judge DiFabrizio rejected defendant's claim that trial counsel provided ineffective assistance by failing to call as a witness the victim of the

4

robbery who would have provided exculpatory testimony. The Judge found defendant's claims were merely "uncorroborated assertions."

On appeal, defendant raises the following arguments:

> I. THE PCR COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING WHERE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> A. Trial counsel was ineffective for failing to conduct an adequate pre-trial investigation.
>
> B. Trial counsel was ineffective for failing to move the trial court for a dismissal for lack of a speedy trial.

We reject this argument and affirm substantially for the reasons expressed by Judge DiFabrizio in her memorandum of opinion. We review a claim of ineffective assistance of counsel under the two-prong test in <u>Strickland</u>, which first requires defendant to demonstrate that defense counsel's performance was deficient. <u>Id</u>. at 687. If this prong is satisfied, defendant must then show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

Judge DiFabrizio carefully reviewed defendant's claims and correctly concluded he did not produce competent evidence to establish a prima facie case

A-0012-18

of ineffective assistance of counsel and therefore was not entitled to an evidentiary hearing pursuant to Rule 3:22-10(b).   State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0012-18